IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KATHY R. SANCHEZ, LNDLVLDUALLY AND AS DEPENDENT ADMLNLSTRATOR OF, AND ON BEHALF OF, THE ESTATE OF ELI GAUNA, JR. AND ELI GAUNA, JR.'S HEIRS-AT-LAW;<br>*Plaintiff,*<br><br>v.<br><br>CORRECTIONAL HEALTHCARE COMPANIES, LLC, NATALEE G. OLIVER,<br>*Defendants.* | §§§§§§§§§§§§§§ | W-19-CV-00221-ADA-DTG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Opposed Motion to Exclude Certain Opinions of Thomas W. White, Expert for Defendants CHC and Oliver (ECF No. 65). The Court held a hearing on March 16, 2023, and after careful consideration of the briefs, evidence, and arguments of counsel, orally denied the Motion. This Order memorializes that ruling.

### I.   BACKGROUND

This case arises out of the suicide of an inmate in the Bell County jail. Plaintiff brought this suit against Defendants, alleging that "the deliberate indifference of Defendant Natalee G. Oliver…combined with the policies, practices, and customs of Defendant[] Correctional Healthcare Companies, LLC…led to the violation of Eli's clearly established constitutional rights and his death." ECF No. 65 at 1.

Defendants intend to offer the expert opinions of Thomas W. White, Ph.D. Plaintiffs filed the present Motion seeking to exclude many of his opinions.

1

## II.  LEGAL STANDARD

An expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education," and the testimony must "help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). The trial judge, in the role of gatekeeper, has the authority to screen expert testimony for compliance with Rule 702 and to regulate and exclude subjects and theories about which an expert may testify. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Rule 702 requires judges to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Watkins v. Telesmith, Inc.*, 121 F.3d 984, 988-90 (5th Cir. 1997). Rule 702's requirement that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" is primarily a relevance consideration. *Daubert*, 509 U.S. at 591.

## III.  DISCUSSION

### A.  Testimony Beyond Dr. White's Report

Plaintiff asserts that Dr. White implies that his report provides an overview instead of "a complete statement of all opinions" he will offer at trial as required by Rule 26. ECF No. 65 at 4. Defendants claim that this request is premature, because he has not yet offered any opinions that may be outside the scope of his report at this point. ECF No. 72 at 2. The Court agrees with Defendants. As such testimony has not been offered yet, the Court cannot determine whether the testimony would be outside of the scope of his report. Any objections to Dr. White's testimony as being outside of his report will be taken up at trial.

### B. Dr. White's Qualifications

Plaintiff alleges that Dr. White is not qualified to offer certain of his opinions. ECF No. 65 at 5–6 (quoting from Dr. White's report). The Court disagrees. Dr. White has extensive experience in fields relevant to his opinion. Dr. White is a licensed psychologist and claims to be an expert in "suicide risk management, assessment, and/or policy development for community and correctional mental health practitioners." ECF No. 65-2 at 23 and ECF No. 65-3 at 2. Dr. White coordinated the Bureau of Prisons Suicide Prevention Program for 12 years, has worked in jails and prisons, and has conducted audits of Bureau of Prisons facilities. *See* ECF Nos 65-2, 65-3. This experience, coupled with his education and licensures, makes Dr. White qualified to offer opinions in this case.

### C. Reliability of Dr. White's Opinions

Plaintiff asserts that certain opinions of Dr. White's should be excluded because the opinions are "demonstrably unreliable (and occasionally internally contradictory) statements." ECF No. 65 at 8. Defendant claims that the quotes listed in Plaintiff's motion are pulled out of context, and that Dr. Whites' report provides detailed citations and a summary of the facts and secondary sources that he relied on. ECF No. 72 at 7. The Court finds that exclusion of Dr. White's opinions as unreliable is inappropriate. Plaintiff simply lists quotes from Dr. White's reports without explaining why each quote is "demonstrably unreliable." *See* ECF No. 65 at 8–9. Plaintiff's concerns about Dr. White's opinions go towards weight, not admissibility. To the extent Plaintiff believes Dr. White's opinions are inaccurate, they are free to cross examine Dr. White on his opinions at trial.

**D. Relevance of Dr. White's Opinions**

Plaintiff contends that the Court should exclude as irrelevant Dr. White's opinions concerning suicide generally. ECF No. 65 at 10. Defendants disagree and argue that the information regarding suicide is undeniably relevant to a case "in which the adequacy of a suicide risk assessment performed and risk assessment policies are squarely at issue with respect to both Plaintiff's claims and Defendants' defenses." ECF No. 72 at 9. The Court agrees with Defendant and declines to exclude Dr. White's opinions concerning suicide generally. The information offered by Dr. White may be helpful to the jury in determining the adequacy of both the suicide risk assessment performed and whether there was an official policy, custom, or practice that caused the alleged violation of Gauna's constitutional rights.

**E. Remaining Bases to Exclude Dr. White's Opinions**

Plaintiff sets forth several more reasons to justify excluding Dr. White's opinions (*see* ECF No. 65 at 10–16) but fails to provide much explanation for why these opinions should be excluded. To the extent Plaintiff seeks to exclude Dr. Whites opinions on the basis that he offers an opinion that there are not standards, that he "bootstraps" the history to Ms. Oliver, and that he plays factfinder, the Court declines to exclude Dr. White's opinions.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Opposed Motion to Exclude Certain Opinions of Thomas W. White, Expert for Defendants CHC and Oliver (ECF No. 65).

SIGNED this 11th day of April, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE